## Johnson v. Bass.

Fish, C. J.   1. The parties entered into a contract by which the plaintiff, as manager, was to carry on the business of operating a hotel in a building belonging to the defendant, and, after the payment of expenses and a certain amount for rent, the profits of the business were to be equally divided between them.   The defendant discharged the plaintiff before the time fixed in the contract had expired; and the plaintiff, before the expiration of the contract term, brought suit for damages for the breach of the contract.   The evidence was conflicting as to whether the defendant was justified in discharging the plaintiff by reason of various alleged breaches of the contract on the part of the latter.   The court submitted the issues in general terms, substantially charging on the subject of whether the plaintiff so violated the contract as to authorize his discharge for that reason, or whether the defendant violated the contract in discharging him; and also on the subject of damages, if the plaintiff was entitled to recover.   Taking the charge as a whole, it submitted the substantial law of the case; and the omission to enter into greater detail in regard to the specific reasons why the defendant contended that the plaintiff was properly discharged, and in regard to damages, will not furnish ground for a new trial in the absence of any timely written request to charge on such subjects.

(a) The expression used in one portion of the charge, in stating the contentions of the parties, that the defendant contended that the plaintiff was discharged "for that reason alone," when considered in connection with its context, evidently meant that the defendant contended that the plaintiff was discharged for the reason that he violated the contract, not in any one of the particulars specified by the defendant, but for the general reason that the cause for his discharge was his failure to comply with his obligations under the contract, which obligations the court substantially specified elsewhere in the charge.   In other words, the purpose of the court was to call the attention of the jury to the fact that the defendant contended that he discharged the plaintiff because he violated his contract, and not for some other or ulterior reason affecting the defendant, as to which there was some suggestion in the evidence. So construed, the instruction did not require the grant of a new trial.

2. The charge to the effect that performance, to be effectual, must be a substantial compliance, was in accord with the Civil Code (1910) § 4318. See also *Ib.* § 4321.

3. The verdict was supported by the evidence, and there was no error in overruling the motion for a new trial.

> *Judgment affirmed.   All the Justices concur.*
> September 16, 1914.

Action for breach of contract.   Before Judge Walker.   Wilkes superior court.   March 17, 1913.

*F. H. Colley* and *R. C. Norman,* for plaintiff in error.

*Samuel H. Sibley* and *William Wynne,* contra.